UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>    v.<br><br>LAWRENCE CHRISTIE,<br>    Defendant. | No. 3:17-cr-00257 (VAB) |

**RULING AND ORDER ON DEFENDANT'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S ORDER AND MOTION TO STAY MAGISTRATE JUDGE'S ORDER**

Lawrence Christie ("Defendant") is currently detained pending trial. On July 10, 2018, he filed a motion for release to an inpatient drug counseling facility. ECF No. 64. On July 20, 2018, Magistrate Judge William I. Garfinkel convened a hearing on the motion, at which he denied the motion. ECF No. 66. On July 24, 2018, Defendant filed the present motion for review and stay of Judge Garfinkel's order. ECF No. 67. On August 31, 2018, the United States filed a memorandum in opposition to Defendant's motion and release from detention. ECF No. 77.

For the reasons set forth below, the Court **ORDERS** that the Defendant remain in custody pending trial, and **DENIES** Defendant's motion for a new detention hearing.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On November 7, 2017, Defendant was arrested under the criminal complaint in this case. On November 21, 2017, a federal grand jury returned an indictment charging Defendant and Eyisiel Ortega with Conspiracy to Possess with intent to Distribute and Distribution of Cocaine Base over 28 grams in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B)(iii), and Possession with intent to Distribute and Distribution of Cocaine Base in violation of 21 U.S.C. §841(a)(1) and 841(b)(1)(C). In connection with the possession of over 28 grams of Cocaine

Base, Defendant faces a mandatory minimum term of five years incarceration and a maximum term of 40 years incarceration. 21 U.S.C. §841(b)(viii).

On December 5, 2017, Defendant was arraigned before Judge Garfinkel. ECF No. 27. After several continuances, a detention hearing was held before Judge Garfinkel on January 26, 2018. ECF No. 37. At the hearing, the United States requested that Defendant continue to be detained due to "the defendant's prior criminal record, the evidence of the long-term ATF investigation into the trafficking of firearms and drugs between North Dakota and Connecticut and the danger to the community." Gov't Resp. and Memo in Opp. to Def. Mot. for Rev. of Mag. Detention Order, ECF No. 77. Since then, the Defendant has been detained.

On July 10, 2018, Defendant filed a motion for release to an inpatient drug counseling facility. Mot. for Release, ECF No 64. Defendant suggested he be sent to "the Salvation Army in Hartford which has an available bed." On July 20, 2018, Judge Garfinkel convened a bond hearing, at which he denied Defendant's motion to be released. ECF No. 66. On July 24, 2018, Defendant filed the present motion for review and stay of Magistrate Garfinkel's July 20, 2018 Order. ECF No. 67. On August 31, 2018, United States filed a memorandum in opposition to Defendant's release. Gov't Resp. and Memo in Opp. to Def. Mot. for Rev. of Mag. Det. Order.

The United States argues that Defendant is presumed to be a danger to the community due to his indictment under 21 U.S.C. §846, 841(a)(1) and 841(b)(1)(C), which carries a maximum term of 40 years in prison. Gov't Resp. and Memo in Opp. to Def. Mot. for Rev. of Mag. Det. Order at 7-8. The United States alleges that Defendant has "no verifiable employment history . . . . [and] four prior convictions, three of which are felony convictions pertaining to selling drugs and illegally possessing a firearm." *Id*. at 8. The United States further claims that

the Defendant does not have a drug addiction problem. *Id*. The United States contends that the evidence against Defendant is "strong" and includes: video recordings, two testifying confidential informants, and "recorded telephone calls between the defendant and the buyer." *Id*. at 8-9.

## II. STANDARD OF REVIEW

Courts review *de novo* a magistrate judge's detention order. *U.S. v. Leon*, 766 F.2d 77, 80 (2d Cir.1985). "Under this review standard, [a court] will judge the issues anew, but in doing so, utilize the factual and evidentiary record developed during the detention hearing . . . ." *U.S. v. Goba*, 240 F. Supp. 2d 242, 245 (W.D.N.Y. 2003).

In determining whether pre-trial detention is warranted, courts consider the factors outlined in 18 U.S.C. 3142(g):

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

The trial court has the discretion to hold or decline to hold a new evidentiary hearing. *U.S. v. Hall*, 651 F. Supp. 13, 14 (N.D.N.Y. 1985). A court will generally not hold a new hearing "absent newly-discovered evidence that was not available to the magistrate judge." *U.S. v. Streater*, No. 3:97-CR-232 (EBB), 1999 WL 1067837, at *3 (D. Conn. Nov. 5, 1999), citing *Leon*, 766 F.2d at 80; see also *U.S. v. Columbo*, 616 F.Supp. 780, 784 (E.D.N.Y.1985) ("only the magistrate should conduct the bail application evidentiary hearing unless, in an unusual case, the district court judge, in the exercise of his or her discretion, reopens the matter for new evidence.").

### III. DISCUSSION

In determining whether to order Defendant's release to an inpatient drug counseling facility, the Court reviews the entire record.

Here, the 18 U.S.C. 3142(g) factors weigh against the Defendant's release for four reasons.

First, the Defendant is accused of a serious crime carrying a maximum term of forty years in prison. 21 U.S.C. §841(b)(viii). Second, the evidence against the Defendant includes audiotapes, "recorded telephone calls between the defendant and the buyer," videotapes, and confidential informant attestations. Gov't Resp. and Memo in Opp. to Def. Mot. for Rev. of Mag. Detention Order at 8-9. Third, Defendant has a history of state and federal convictions and no discernable employment history. *Id*. at 8. Fourth, there is credible evidence that Defendant was involved in firearms crimes; the United States alleges that Defendant "was a member of a group of a large conspiracy of at least eight individuals who were transporting firearms from North Dakota to Connecticut and they were being used in shootings in the Hartford area." Trans. of

Bond Hearing before Hon. William I. Garfinkel, July 20, 2018, ECF No. 77-2, at 4. For these reasons, the Court finds that Defendant poses a serious danger to the community, and that there is credible evidence that if he were released, he might sell narcotics or transport firearms across state lines. Further, the Court notes the absence of credible evidence of Defendant's current drug addiction or need for inpatient drug counseling.

In determining whether to order a new bond hearing, the Court considers the sufficiency of the prior bond hearings and any new evidence submitted by the Defendant. Judge Garfinkel conducted two bond hearings. ECF No. 37, No. 66. The first hearing, on January 26, 2018, lasted 35 minutes. ECF No. 37. The second hearing, on July 20, 2018, lasted 33 minutes. ECF No. 66. The hearing transcripts reflect ample opportunity for Defendant's counsel to advocate on his behalf. Following those hearings, Defendant has provided the Court with no new evidence other than the availability of a drug treatment bed, in July 2018, at the Salvation Army in Hartford, Connecticut. Given the length and sufficiency of the prior hearings and absence of new evidence, the Court must affirm Judge Garfinkel's prior orders.

## IV. CONCLUSION

For the reasons stated above, the Court **UPHOLDS** Magistrate Judge Garfinkel's findings, **ORDERS** that the Defendant remain in custody pending trial, and **DENIES** Defendant's motion for a new detention hearing.

**SO ORDERED** at Bridgeport, Connecticut, this 4th day of October, 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE