UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>v.<br><br>LAWRENCE CHRISTIE,<br>    *Defendant*. | No. 3:17-cr-0257 (VAB) |

**RULING AND ORDER ON MOTION TO REDUCE SENTENCE**

Lawrence Christie ("Defendant") filed a *pro se* motion to Correct or Reduce his sentence. Mot. to Correct/Reduce Sentence, ECF No. 211 (Dec. 26, 2023) ("Mot.").

For the reasons set forth below, Mr. Christie's motion is **DENIED**.

I.    **BACKGROUND**

On October 31, 2018, Mr. Christie pled guilty to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 846. Plea Agreement, ECF No. 88 (Oct. 31, 2018). At the same time, Mr. Christie pled guilty to conspiracy (1) to engage in the business of dealing in firearms and to unlawfully transport firearms in interstate commerce; and (2) to unlawfully transport into the state of residency firearms purchased or acquired outside of the state of residency, in violation of 18 U.S.C. §§ 371, 922(a)(1)(A), and 922(a)(3) in the case 3:18-cr-267 (VAB). *Id.*

On March 12, 2020, the Court sentenced Mr. Christie to a total of 100 months of imprisonment, followed by 4 years of supervised release, for both this case and 3:18-cr-267 (VAB). Judgement, ECF No. 166 (Mar. 12, 2020).

On May 20, 2020, Mr. Christie filed a motion for compassionate release under the First Step Act. Mot. to Reduce Sentence, ECF No. 172 (May 20, 2020).

On May 27, 2020, the Court denied the motion for compassionate release without prejudice to renewal. Order, ECF No. 176 (May 27, 2020).

On February 10, 2021, Mr. Christie filed a second motion for compassionate release under the First Step Act. Second Mot. to Reduce Sentence, ECF No. 196 (Feb. 10, 2021).

On April 6, 2021, the Court denied Mr. Christie's second motion under the First Step Act.

On August 23, 2023, Mr. Christie filed this motion to correct or reduce his sentence. Mot.

## II.   DISCUSSION

Mr. Christie argues that the Court "miscalculated the 1 to 1 crack to powder cocaine ratio," during his sentencing, therefore increasing the sentence handed down. Mot. at 1–2. Mr. Christie asks the Court to resentence him to "the correct 1 to 1 guideline range of (41-51) months or the designated (60) months" of the statutory maximum for his firearms offense. Mot. at 5.

The Court finds that reducing Mr. Christie's sentence is unwarranted.

Because the Sentencing Guidelines are "advisory only," a district court in its discretion "may determine, . . . that, in the particular case, a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing. In making that determination, the judge may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses." *Kimbrough v. United States*, 552 U.S. 85, 91 (2007) (internal citations omitted). If a district court chooses to consider the disparity between crack and powder cocaine, however, "the court is not compelled to recalculate the applicable range or to use any particular replacement ratio"; nor is it required "to attempt 'an exact mathematical calculation.'" *United States v. Diaz-Alicea*, 813 Fed. Appx. 649, 651 (2d Cir. 2020) (internal citations omitted).

The guideline range for Mr. Christie's conviction for conspiracy to sell cocaine base was

calculated to be 110 to 137 months. *See* Statement of Reasons at 1, ECF No. 171 (April 6, 2020) ("SOR"). After assessing the 18 U.S.C. § 3553(a) factors—particularly Mr. Christie's medical issues—the Court determined that a downward departure to 100 months was warranted. *See* SOR at 4 ("The Court considered the factors of 18 U.S.C. 3553(a), specifically the defendant's mental health, and determined that a guideline sentence was greater than necessary to achieve the goals of sentencing."); Transcript of Sentencing Hearing at 70, ECF No. 174 (May 26, 2020) ("Tr.") ("I put you at the bottom of that range taking into consideration some of the mental health considerations, but at the same time recognizing acceptance of responsibility.").

During the sentencing hearing, counsel for Mr. Christie raised the possibility of a sentence based on a one-to-one ratio of crack cocaine to powder cocaine. *See* Tr. at 76–77 ("MR. EINHORN: And so because we talked about the 1-to-1 possibility on the drug count, I would just ask your Honor to put on the record the -- how it ended up."). The Court noted that a guideline range using a one-to-one ratio would be 92 to 115 months—a range inclusive of Mr. Christie's actual sentence. *See id*. at 77 ("THE COURT: . . . during the break I did -- with the assistance of probation, I think we were calculating if it was 1-to-1 -- I think it was 92 to 115 months?" PROBATION OFFICER MURPHY: "That is correct . . . ."). The Court concluded, however, that Mr. Christie's sentence was not explicitly based on a one-to-one crack-to-powder cocaine ratio calculation. *See id.* ("Yeah, it was 92 to 115 months. So I am happy to put this on the record. I did consider whether that was an appropriate range, and obviously the sentence is within that range, although that wasn't necessarily an express thought that the Court focused on.").

Furthermore, Mr. Christie has not identified any retroactive sentencing amendment that would justify a reduction of his sentence. Under 18 U.S.C. § 3582(c)(2), "a federal court may

reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive." *United States v. Elendu*, No. 20-CR-179-14 (DLC), 2024 WL 458643, at *2 (S.D.N.Y. Feb. 6, 2024) (citing *United States v. Martin*, 974 F.3d 124, 136, 139 (2d Cir. 2020)). Mr. Christie has identified no such modification, and therefore is ineligible for a reduction. *See United State v. Wright*, No. 3:06-cr-19 (EBB), 2012 WL 98546, at *1 (D. Conn. Jan. 11, 2012) ("Eligibility for a sentence reduction under § 3582(c)(2) is triggered only by a guideline amendment that lowers the applicable guideline ranges for crack cocaine offenses.").

Accordingly, the Court will not reduce Mr. Christie's sentence.

### III.    CONCLUSION

For the reasons explained above, Mr. Christie's motion to reduce his sentence is **DENIED**.

**SO ORDERED** at New Haven, Connecticut, this 24th day of January, 2025.

                                                  /s/ Victor A. Bolden
                                                  Victor A. Bolden
                                                  United States District Judge